COMMONWEALTH *vs.* PATRICK WHALEN.

Evidence that a room in the defendant's dwelling-house was fitted up with a bar and shelves on which were decanters, glasses and other articles used in the mixing and retail of ardent spirits, and that there were casks containing liquors of various kinds in an adjoining cellar, is competent evidence to support an indictment for being a common seller of intoxicating liquors.

On the trial of an indictment for being a common seller of intoxicating liquors, no exception lies to an instruction that if the jury are satisfied upon the whole evidence that the defendant has unlawfully made three single sales of intoxicating liquors, they are authorized to find him guilty; or to a refusal to instruct them that it is incumbent on the Commonwealth to prove each of such sales as independent transactions by the same evidence, and as fully and satisfactorily, as if each had been charged as a separate sale.

INDICTMENT for being a common seller of intoxicating liquors. At the trial in the superior court before *Vose,* J., there was testimony tending to prove that a room on the first floor of the defendant's dwelling-house was fitted up with a bar and shelves,

on which were decanters, glasses and other articles used in the mixing and retail of ardent spirits, and that in an adjoining cellar were casks containing liquors of various kinds; and that sales were made at least three separate times of intoxicating liquors in these rooms within the period covered by the indictment.

Upon this evidence the defendant asked the court to instruct the jury that in order to be justified in finding the defendant guilty on the ground of proof of three separate and distinct sales, it was incumbent on the Commonwealth to prove each of such sales as independent transactions by the same evidence, and as fully and satisfactorily, as if each of them had been specifically set forth in the indictment in separate counts. The court declined so to rule; and instructed the jury that it was not necessary that the Commonwealth should prove, in support of the count charging the defendant with being a common seller, three specific sales; that they must be satisfied that the defendant was engaged in the business of illegally selling intoxicating liquors during the period named in the indictment, or some part of it, and to the extent of having made three sales; and that if they were satisfied, upon the whole evidence, that the defendant had unlawfully made three single sales, during that period, they were authorized to find a verdict of guilty. The defendant was convicted, and alleged exceptions.

*G. Ashmun & E. W. Bond*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

MERRICK, J. The evidence respecting the manner in which the defendant's house was fitted up with a bar, and furnished with decanters, glasses and other articles used in mixing and in the retail of ardent spirits, as well as the fact that in an adjoining cellar were casks containing various kinds of liquors, was properly admitted. It had a tendency to show the character and sort of business in which he was engaged, and thus to prove the allegations set forth in the indictment.

The instructions as to the evidence upon which it would be competent for the jury to convict the defendant, are not subject to any valid exception. It is conceded by his counsel that no

objection could justly be urged against the charge of the court in relation to the general course of proceeding by which the defendant might be proved to have been a common seller during the time specified in the indictment. But it is insisted that the court should have adopted the request to instruct the jury that in order to be justified in finding him guilty on the ground that he had made three separate and distinct sales, it was incumbent on the Commonwealth to prove each of such sales as independent transactions by the same evidence, and as fully and satisfactorily, as if each of them had been specifically set forth in the indictment in separate counts. This particular request was not complied with; but the instruction actually given, namely, that if the jury were satisfied upon the whole evidence that the defendant had unlawfully made three single sales, they were authorized to find a verdict of guilty, was fully equivalent to it, because such unlawful single sales could only be proved in the same manner and by the same evidence which would be required if they had been or were the precise and specific subjects of accusation. *Exceptions overruled*